780 F.2d 1020
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.)
ATHENA CHACONAS, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE
OF THE ESTATE OF STEPHANIE CHACONAS, Plaintiff-Appellant,
v.
UNITED STATES OF AMERICA AND REAUME AND DODDS MANAGEMENT,
Defendants-Appellees.
 84-1492
 United States Court of Appeals, Sixth Circuit.
 11/25/85
 
 AFFIRMED
 E.D.Mich.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 BEFORE: KEITH and MILBURN, Circuit Judges; and HIGGINS, District Judge*.
 PER CURIAM.
 
 
 1
 Plaintiff Athena Chaconas appeals the judgment for defendants United States of America, Housing and Urban Development Authority (HUD), and Reaume and Dodds Management Company (Reaume and Dodds) in her wrongful death action under the Federal Tort Claims Act (FTCA), 28 U.S.C. Sec. 2674. For the reasons that follow, we affirm.
 
 I.
 
 2
 Stephanie Chaconas, age eight years, was a resident with her mother, Athena Chaconas, in the Huron River Tower Apartments owned and managed by defendants. Stephanie Chaconas drowned when she fell through a thin layer of snow-covered ice on the Huron River which directly abuts and borders the backyard of the apartment complex. Plaintiff's complaint alleged that defendants were negligent in failing to take reasonable safety precautions and to provide adequate warnings in order to prevent the drowning.
 
 
 3
 The district court determined that under Michigan law defendants did not have a duty to fence the river or to otherwise 'shut off access to those who lived in the apartment complex.' However, the district court did find that defendants were under a duty to warn residents of the dangers involved with entry on the river. Accordingly, the district court refused to admit evidence relating to precautions defendants could have taken to obstruct access to the river.
 
 
 4
 The issue of Reaume and Dodds' negligence was submitted to a jury, while the issue of HUD's negligence was determined by the district court. The district court instructed that jury that defendant Reaume and Dodds was under a duty to warn its tenants of the dangers presented by the river, but that defendant had no duty to take steps to impede access to the river. The jury returned a verdict of 'no cause of action' in favor of defendant Reaume and Dodds, and the district court entered judgment in favor of all defendants.
 
 
 5
 On appeal plaintiff contends that, in addition to the duty to warn, Michigan law required defendants to take steps to obstruct access to the river. Plaintiff further contends that the district court erred in refusing to admit evidence concerning barriers that might have been erected to prevent the drowning.
 
 II.
 
 6
 The controlling substantive law in an action alleging wrongful death under the FTCA is the law of the state where the negligent act occurs--in this case, Michigan. See Pierce v. United States, 722 F.2d 289, 290 (6th Cir. 1983). Michigan courts have held that a landlord owes his tenants a duty of care analogous to that owed by the business invitor to the business invitee. See Quinlivan v. Great Atlantic & Pacific Tea Co., Inc., 395 Mich. 244, ----, 235 N.W.2d 732, 738 n.10 (1975); Conerly v. Liptzen, 41 Mich. App. 238, 199 N.W.2d 833, 835-36 (1972). The duty of an owner or occupier of land to a business invitee is to exercise reasonable care to remedy or warn of dangers which are known to him or which he should have discovered. Marietta v. Cliffs Ridge, Inc., 385 Mich. 364, ----, 189 N.W.2d 208, 210 (1971). Cf. Carlisi v. City of Marysville, 373 Mich. 198, ----, 128 N.W.2d 477, 483 (1964). At issue in the instant case is the application of this general standard of conduct to defendants' failure to fence the river or to otherwise impede access by children to the river.
 
 
 7
 The determination of the reasonableness of defendants' conduct requires a comparison of the utility of maintaining unobstructed access to the river, and the burden of eliminating the resulting dangers, with the likelihood of injury to tenants at the complex. Moning v. Alfono, 400 Mich. 425, ----, 254 N.W.2d 759, 770-71 (1970). The striking of a balance between these competing interests should ordinarily be done by a jury. See Moning, 254 N.W.2d at 763. But where a court concludes that 'all reasonable persons would be of one mind' on the question of the reasonableness of a defendant's conduct, the court must direct a verdict for the defendant or instruct the jury as to the conclusion it must draw from the facts. See Moning, 254 N.W.2d at 771. A landowner should not be compelled to take precautions that no reasonable person would consider necessary under the circumstances. See Beals v. Walker, 98 Mich. App. 214, 296 N.W.2d 828 (1980).
 
 
 8
 In the instant case, the district court instructed the jury that defendants' failure to erect a barrier between the apartments and the river was not unreasonable. We believe that under the facts of this case there was a sufficient basis for concluding as a matter of law that the burden of eliminating the dangers posed by the river's proximity to defendants' apartments outweighed the risk of harm thereby created. Cf. John Argona Enterprises, Inc. v. Miller, 213 Va. 298, 194 S.E.2d 804 (1972) (court held that landlord was not negligent, as a matter of law, in failing to have constructed some sort of barrier to prevent children from falling into a drainage canal located on property adjacent to the apartment); Roberson v. City of Kinston, 261 N.C. 135, 134 S.E.2d 103 (1964) (court held, as a matter of law, that landlord was not negligent in failing to erect barriers to deny tenants' children access to canal located on adjacent property); Fitch v. Selwyn Village, 234 N.C. 632, 68 S.E.2d 255 (1951) (court held, as a matter of law, that the landlord was not negligent in failing to erect a fence or other obstacle to prevent children from falling into a creek located on the landlord's property); Jones v. United States, 241 F.2d 26 (4th Cir. 1957) (court stated that to require a landlord to erect a fence or barricade alongside a highway or railroad track would unreasonably interfere with the lawful use of the property). Accordingly, we conclude that the district court acted properly in refusing to admit evidence relating to the types of barriers defendants might have erected.
 
 III.
 
 9
 For the reasons stated herein, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Thomas A. Higgins, Judge, United States District Court for the Middle District of Tennessee, sitting by designation